UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN McBAIN,

        Plaintiff,

                                  File No.  4:06-CV-62

v.

                                  HON. ROBERT HOLMES BELL

EDGEWATER BANK,

        Defendant.

_____/

**O P I N I O N**

      This action alleging a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, is before the Court on Defendant Edgewater Bank's motions to dismiss for lack of jurisdiction and for sanctions.  For the reasons that follow the motions to dismiss and for sanctions will be granted.

**I.**

      Plaintiff has alleged that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under federal law, specifically TILA and Federal Reserve Regulation Z.  Defendant Edgewater has moved to dismiss the action pursuant to FED. R. CIV. P. 12(b)(1) for lack of jurisdiction.

      Plaintiff alleges in his complaint that on January 26, 2006, he borrowed $100,000.00 from Defendant until July 26, 2007.  Compl. ¶ 2.  The stated annual percentage rate in the disclosure statement is 7.250%, with an initial payment of $794.54, a final payment of

$100,377.40, seventeen regular monthly payments of $556.16, and a total finance charge of $10,845.17.  Compl. ¶¶ 3-4.  Plaintiff alleges that contrary to the disclosures and in violation of Regulation Z, Defendant is charging Plaintiff an annual percentage rate of 7.6% and a regular monthly charge of $624.31 per month.  Compl. ¶ 5.

Defendant contends that the loan that is the subject of Plaintiff's complaint is exempt from coverage under TILA and Regulation Z because the financed amount exceeds $25,000 and is not secured by real property or by personal property used or expected to be used as a principal dwelling by Plaintiff.

> TILA clearly states that it does not apply to
>
> Credit transactions, other than those in which a security interest is or will be acquired in real property, or in personal property used or expected to be used as the principal dwelling of the consumer, in which the total amount financed exceeds $25,000.

15 U.S.C. § 1603(3).  The rules governing TILA, known as Regulation Z, similarly provide that Regulation Z does not apply to:

> Credit over $25,000 not secured by real property or a dwelling.  An extension of credit not secured by real property, or by personal property used or expected to be used as the principal dwelling of the consumer, in which the amount financed exceeds $25,000 or in which there is an express written commitment to extend credit in excess of $25,000.

12 C.F.R. § 226.3(b).  *See also Leal v. Sonic-Massey Pontiac Buick GMC, Inc.*, 444 F. Supp. 2d 1163, 1164-65 (D. Colo. 2006); *Cordova v. Banco Bilbao Vizcaya de Puerto Rico*, 73 F. Supp. 2d 133, 136-37 (D. P.R. 1999).

Plaintiff does not contend that his loan transaction comes within the statutory language of TILA or Regulation Z. Instead, he contends that the exemption is an affirmative defense and that Defendant waived its right to the exemption by using TILA forms and making representations that it was complying with TILA.

Congress has decided what transactions are governed by TILA. Congress chose not to cover credit over $25,000 that was not secured by real property or a dwelling. TILA does not cover the transaction at issue in this case. Plaintiff has cited no authority in support of his contention that the exemption for credit over $25,000 is an affirmative defense or that Defendant waived its exemption from TILA by using TILA disclosure forms. Plaintiff's argument assumes that TILA presumptively covers all loan transactions and that it is incumbent on the lender to assert an exemption from TILA as an affirmative defense. That is not the way Congress drafted the statute. Congress drafted the statute to cover only certain transactions. Transactions over $25,000 that are not secured by real property or a dwelling are not covered by TILA. 15 U.S.C. § 1603(3).

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Parties cannot obtain subject matter jurisdiction by consent, stipulation, or waiver where no subject matter jurisdiction otherwise exists. *Id.; Sosna v. Iowa*, 419 U.S. 393, 398 (1975). Plaintiff's effort to define this dispute as one arising under TILA is wholly without merit. The Court is not

3

suggesting that Plaintiff does not have a remedy. However, any remedy for breach of contract, misrepresentation or fraud would be governed by state law, rather than by federal statute, and Plaintiff has not asserted any basis for this Court's exercise of subject matter jurisdiction over such a state law claim. Defendant's motion to dismiss will accordingly be granted.

## II.

Defendant has also moved for sanctions pursuant to FED. R. CIV. P. 11. On August 21, 2006, Edgewater filed its motion to dismiss and also sent Plaintiff's counsel a copy of its proposed motion for sanctions pursuant to the procedures outlined in Rule 11. Defendant advised Plaintiff in a cover letter that there was no basis for federal court jurisdiction over Plaintiff's claim, and further advised of its intent to file the motion for sanctions in the event that Plaintiff did not voluntarily dismiss the action.

Plaintiff did not voluntarily dismiss the action within the 21 day time period set forth in Rule 11, and Defendant filed this motion for sanctions on September 15, 2006.

As explained above, this Court clearly lacks jurisdiction over this case. Plaintiff's attempt to confer jurisdiction on this Court under a waiver theory where no such jurisdiction exists under the relevant statute is not a good faith extension of the law. Federal courts are courts of limited jurisdiction, and the principle that parties cannot stipulate or waive jurisdiction is firmly established. Plaintiff's counsel was informed of the jurisdictional defects in this case, but continued to pursue this matter in federal court nonetheless. The

Court is satisfied that Defendant is entitled to sanctions under Rule 11 in order to deter repetition of Plaintiff's counsel's conduct or comparable conduct by others similarly situated. Accordingly, the Court will award monetary sanctions against Plaintiff's counsel as follows: Plaintiff's counsel shall pay Defendant its reasonable attorney fees and costs associated with bringing the motion to dismiss.

    An order and judgment consistent with this opinion will be entered.


Date:    November 27, 2006             /s/ Robert Holmes Bell
                                                             ROBERT HOLMES BELL
                                                             CHIEF UNITED STATES DISTRICT JUDGE